■ **WEB TRANSMISSIONS, INC.**, Respondent, v **RUTH MARCUS**, Individually and as Executrix of **HERMAN L. MARCUS**, Deceased, Appellant. (Action

No. 1.) (And a Second Action.)—In an action by a corporation *inter alia* to compel the estate of a stockholder to surrender certain stock certificates, Ruth Marcus, defendant in Action No. 1, appeals from a judgment of the Supremé Court, Queens County, dated September 23, 1975, which, after a nonjury trial, *inter alia,* directed her to surrender the certificates in question. Judgment reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. The finding of fact that Herman Marcus signed the contracts is affirmed. This is an action by a corporation *inter alia* to compel the estate of a stockholder to surrender certain stock certificates pursuant to two contracts, in the form of letters, dated May 15, 1962 and June 15, 1964, respectively. The first of those contracts states that one Sidney Tolmage, an attorney and principal of the plaintiff corporation, had in his possession stock certificates representing 10 shares of "Class A stock" in the plaintiff, issued in the name of Herman Marcus and endorsed in blank by Marcus. It then provides: "You have paid $1.00 per share for these shares of stock, to wit: a total of $20.00. These are your shares and you are the owner of them, entitled to all the benefits accruing therefrom, as long as you are either employed or associated with either Web Transmissions Inc., or Queens-Boro Parts Corp. In the event, however, your association or employment by either or both of these corporations is terminated either by you or by Queens-Boro Parts Corporation, or Web Transmissions Inc., then the shares of stock will then be transferred to the respective corporations ·as treasury stock, in which event, you will receive the same amount you paid for them, to wit: $1.00 per share." The second contract states that Tolmage was holding a certificate for 10 shares of "Class A Stock" in the plaintiff corporation "on the same conditions set forth in my letter to you dated May 15, 1962." Both letters were on the stationery of the law firm of Tolmage and Harris. They were signed on behalf of the law firm by Sidney Tolmage and were signed and accepted by Herman Marcus. Upon the death of Mr. Marcus, the plaintiff tendered the sum of $1 per share and demanded that Ruth Marcus, decedent's wife and executrix, return the stock, the possession of which had somehow been surrendered by Tolmage. The executrix refused to reconvey, claiming that the contracts only required a return of the stock if her husband was discharged or if he left plaintiff's employ, but that they did not require the return of the shares upon his death. Trial Term held that the contracts were plain and unambiguous and required that the "decedent's stock interest would terminate with the end of his employment by plaintiff", whether by death or otherwise. In our view the wording of the contracts cannot be said to be unambiguous so as to permit their construction as a matter of law. Upon the new trial, the plaintiff should be afforded the opportunity to present evidence to show that the parties did not intend that ownership of the shares was to remain with decedent's estate in the event of his death, as one of the benefits of his employment with the plaintiff. Furthermore, the agreements state that Tolmage was holding the stock. It was therefore incumbent upon the plaintiff to show how the defendant executrix acquired the stock and that the surrender of the certificates did not constitute a breach or modification of the original agreements. Finally, the court, upon the new trial, should inquire into the effect, if any, of former section 176 of the Personal Property Law, in force at the time of the first agreement, and present section 8-204 of the Uniform Commercial Code, in force at the time of the second agreement, upon the requirement that the stock certificates be reconveyed to the plaintiff. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.